IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Roberto Pinedo Rodriguez,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-04416-PHX-JZB

**ORDER**

On June 25, 2026, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1.) Petitioner asserts that his "[p]rolonged immigration detention without any bond hearing violates the Fifth Amendment procedural due process." (*Id.* at 4.) Pursuant to General Order 26-09, Respondents were required to file a response within seven days. (Doc. 5 at 2.) On July 2, 2026, Respondents filed their Response, wherein they state:

> Respondents hereby respond to the Petition for Writ of Habeas Corpus. Doc. 1. Petitioner is currently being held under mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) as an applicant for admission who entered the United States without admission, inspection or parole. Respondents do not oppose the habeas petition to the extent Petitioner challenges his current mandatory detention under 8 U.S.C. § 1225(b)(2), nor do they oppose providing Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).

(Doc. 8 at 1.)

Based upon Respondents' non-opposition, and in light of undersigned's

independent view that Petitioner's detention is governed by 8 U.S.C. § 1226 and not 8 U.S.C. § 1225 for the reasons set forth in *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 U.S. Dist. LEXIS 196174 (D. Ariz. Oct. 3, 2025), the Court finds that Petitioner is entitled to relief in the form of an individualized bond hearing or, in the alternative, immediate release. In *Echevarria*, the Court found "it would seem to push the statutory text beyond its breaking point to conclude that [a p]laintiff became an applicant for admission by operation of law in 2001, due to his arrival in the United States at that time, yet was still seeking admission 24 years later." *Echevarria*, 2025 U.S. Dist. LEXIS 196174, at *19. The Court proceeded to conclude that the petitioner was "entitled to a bond hearing under § 1226(a) as a matter of statutory construction[.]" *Id.* at *30.

This case is factually similar to *Echevarria*. Here, Petitioner has resided in the United States since 1996. (Doc.1 at 5.) He was not provided with a pre-deprivation hearing, nor has he been provided a bond hearing during his immigration detention. (*Id.*); (doc. 2 at 4.) To state that Petitioner became an applicant for admission by operation of law in 1996, and was still considered to be seeking admissions nearly 30-years later "would seem to push the statutory text beyond its breaking point[.]" *Echevarria*, 2025 U.S. Dist. LEXIS 196174, at *19. Consequently, Petitioner is entitled to relief in the form of an individualized bond hearing under § 1226(a) or, in the alternative, immediate release.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is **GRANTED** to the extent discussed herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with an individualized bond hearing within **SEVEN (7) CALENDAR DAYS** or release Petitioner from custody under the same conditions that existed before Petitioner's detention within **SEVEN (7) CALENDAR DAYS**.

**IT IS FURTHER ORDERED** that Respondents shall provide a notice of compliance within **THREE (3) DAYS** of releasing Petitioner or providing a bond hearing.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and

any scheduled hearings in this action are vacated. The Clerk of Court is kindly directed to enter judgment in Petitioner's favor and close this case.

Dated this 2nd day of July, 2026.

Honorable John Z. Boyle
United States Magistrate Judge