# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Pinedo Rodriguez, | No. CV-26-04416-PHX-JZB |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's "Emergency Response and Objection to Respondent's Notice of Compliance." (Doc. 14.) In the Emergency Response, Petitioner, through counsel, asserts that Respondents' Notice of Compliance (doc. 13) "should be rejected because the July 8 and July 9, 2026 immigration court proceedings did not provide a meaningful bond hearing and therefore did not satisfy the relief at issue in this habeas action . . . . because Petitioner and counsel lacked adequate notice and a reasonable opportunity to prepare, consult, and present the bond case in a meaningful manner." (*Id.* at 2–3.) Specifically, Petitioner states:

> On July 7, 2026, Petitioner received papers from his Deportation Officer at Eloy and was told only that he had to go to court on July 8, 2026. Petitioner was not informed that the proceeding was a bond hearing, and he was not informed of the hearing time.
> Because Petitioner does not speak English, he relied on family members to try to determine what was happening. After Petitioner contacted relatives, those relatives contacted undersigned counsel seeking information about the court date.
> Counsel did not receive notice of any bond hearing. On July 7, 2026,

counsel filed an EOIR-28 in an effort to gain access to ECAS, but the filing was not accepted and remained listed as 'submitted.'

On July 8, 2026, at approximately 8:00 am counsel called the immigration court to request information. The clerk confirmed that a bond hearing had in fact been scheduled for July 8, 2026, at 10:00 a.m.

Counsel immediately acted diligently by filing a motion to appear by Webex and a motion to continue so that counsel could have a reasonable opportunity to prepare.

At the July 8 hearing, the Immigration Judge denied the request for a meaningful continuance on the ground that good cause had not been shown, but reset the matter to July 9, 2026, at 10:00 a.m.

That reset provided counsel less than twenty-four hours to prepare the bond case. That compressed schedule left counsel without sufficient time to consult adequately with Petitioner before the hearing, investigate the facts relevant to bond, gather documents, obtain declarations, prepare testimony, or respond fully to the Immigration Judge's questions. Counsel was not able to answer all of the Immigration Judge's questions because counsel had not been given sufficient time to confer with Petitioner beforehand.

(*Id.* at 4–5.)

Given the foregoing, the Court ordered Respondents to respond to Petitioner's Emergency Response on or before July 28, 2026, at 5:00pm. (Doc. 15.) Respondents did not file a response by that deadline. In fact, Respondents have not filed a response at all.

Due to Respondents failure to respond, Petitioner filed a "Notice of Non-Compliance" on July 31, 2026, wherein he states that "Respondents have now failed to comply with multiple orders of this Court." (Doc. 16 at 4.) The Court agrees. First, Respondents have failed to respond to Petitioner's Emergency Response as ordered by the Court. *See* (doc. 15.) Second, and more importantly, Respondents' utter failure to provide any notice to Petitioner's counsel of the original bond hearing, and thereafter providing less than 24 hours to prepare for that hearing, patently fails to comply with this Court's Order directing Respondents to provide Petitioner with a constitutionally adequate bond hearing. *See Iylmaz v. Cantu*, CV-25-03331-PHX-DJH (MTM), Doc. 41, at *2 (D. Ariz. Feb. 4, 2026) (releasing petitioner due to respondents' failure to provide a constitutionally adequate bond hearing where respondents only provided one-days' notice of the hearing).

The Court finds that the bond hearing provided to Petitioner neither complied with

this Court's prior order nor was constitutionally adequate, for "Respondents['] delay[] in giving Petitioner proper notice of the date of his hearing . . . obstruct[ed] his (or his counsel's) ability to prepare." *Id.* Therefore, immediate release is warranted here.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Response and Objection to Respondent's Notice of Compliance (doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** Petitioner shall be **IMMEDIATELY RELEASED** from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** that Respondents must file a Notice of Compliance **WITHIN 24 HOURS**.

Dated this 3rd day of August, 2026.

Honorable John Z. Boyle
United States Magistrate Judge