**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Roberto Pinedo Rodriguez,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-04416-PHX-JZB

**ORDER**

Pending before the Court is Petitioner's "Objection to Respondents' Notice of Compliance." (Doc. 20.) In the filing, Petitioner objects to the Respondents' Notice of Compliance (doc. 19) wherein Respondents state that they have complied with this Court's August 3, 2026 Order (doc. 17). Specifically, Petitioner objects to this filing because he was not released under the exact same conditions of release that existed prior to his detention. (*Id.* at 2.) Instead, Petitioner asserts that several new conditions of release were imposed upon him, including: (1) enrollment in ICE supervision and the Alternatives to Detention ("ATD") program; (2) electronic monitoring; and (3) a curfew. (*Id.*) The Court shall sustain the Objection in part and overrule it in part.

"[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief." *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). Here, Petitioner objects to Respondents' notice of compliance because his conditions of release did not reflect those in existence prior to his detention. The Court agrees that Petitioner's instant release does not reflect the exact same conditions as those

prior to his detention. But, not all of the changes entitle Petitioner to relief.

Regarding ICE supervision and periodic immigration check-ins, the Court finds that these are "technical violations" that do not detract from Respondents' substantial compliance with this Court's prior order. *Cf. B2B CFO Partners, Ltd. Liab. Co. v. Kaufman*, No. CV-09-2158-PHX-JAT, 2012 U.S. Dist. LEXIS 43966, at *6 (D. Ariz. Mar. 29, 2012) (noting that sanctions such as civil contempt not necessary where the party is in substantial compliance) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). However, the addition of electronic monitoring and a potential curfew clearly violate this Court's prior order that Petitioner be "released from custody under the same conditions that existed before his detention." [1] (Doc. 17 at 3.) These additional conditions do not equate de minimis burdens on Petitioner's liberty. Rather—as other courts have found—such conditions are akin to Petitioner remaining in DHS custody. *See, e.g.*, *Diallo v. Scott*, No. 2:26-cv-00975-GJL, 2026 U.S. Dist. LEXIS 142584, at *10 (W.D. Wash. June 26, 2026) (noting that the imposition of a GPS monitor on a petitioner along with other restrictions not shared by the public generally is akin to that petitioner remaining in custody). Thus, the Court finds Petitioner entitled to the following limited relief: the removal of any electronic monitoring and curfew conditions. *See, e.g.*, *Laguna v. Hernandez*, No. 2:26-cv-00864-GJL, 2026 U.S. Dist. LEXIS 194276, at *8 (W.D. Wash. Aug. 14, 2026) (ordering, in a similar situation to the one present here, that the petitioner's

---

[1] Respondents have not filed a timely response to Petitioner's objection, which amounts their implicit consent in finding in favor of Petitioner here. *See* LRCiv 7.2(i) ("[I]f . . . counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."); *see also Bauerle v. U.S. Dep't of Health & Hum. Servs.*, No. CIV 12-532-TUC-CKJ, 2014 U.S. Dist. LEXIS 100180, at *15 (D. Ariz. July 22, 2014) ("Where a party does not respond to an argument, such failure to respond may be deemed a consent to granting the request."); *Next League Exec. Bd. LLC v. Biden*, 758 F. Supp. 3d 1029, 1036–37 (D. Ariz. 2024) ("when a party fails to respond to a motion, this District's Local Rules allow a court to deem the non-responsiveness as consent to the relief sought and summarily grant the motion."); *Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) ("The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond."); *e.g.*, *Gurdayal Singh v. Cantu*, No. CV-26-00860-PHX-KML (MTM), 2026 U.S. Dist. LEXIS 121274, at *3–4 (D. Ariz. June 2, 2026) ("Respondents did not address Singh's contention that they should bear the burden of proof by clear and convincing evidence at a bond hearing, so they have waived any argument to the contrary.").

GPS ankle monitory be removed within 72 hours).

Accordingly,

**IT IS ORDERED** that Petitioner's Objection to Respondents' Notice of Compliance (doc. 20) is **SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that if any curfew requirement has been imposed upon Petitioner, that requirement shall be **IMMEDIATELY TERMINATED**.

**IT IS FURTHER ORDERED** that if any GPS monitoring requirement were imposed upon Petitioner, that requirement shall be **IMMEDIATELY TERMINATED**.

**IT IS FURTHER ORDERED** that if any GPS monitoring equipment was affixed to Petitioner's person, that device or devices shall be **REMOVED WITHIN 96 HOURS**.

**IT IS FURTHER ORDERED** that in all other respects, Petitioner's Objection to Respondents' Notice of Compliance (doc. 20) is **OVERRULED**.

Dated this 21st day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge